IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**FILED**
MAY 2 0 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| COTTON STATES MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: CV00-PT-2800-M |
| EMMET JUNIOR BEAR, as Administrator of the estate of Teddy Samuel Bear, deceased; DARRIN FLANNERY, and CAROLYN E. CRISP, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTERED**
MAY 2 0 2002

## MEMORANDUM OPINION

This cause comes to be heard on plaintiff Cotton States Mutual Insurance Company's Motion for Summary Judgment filed on April 18, 2002.

### FACTS

Defendant Carolyn Crisp ("Crisp") owns a home located at 248 South Ninth Street, Gadsden, Alabama. A homeowner's insurance policy, #AFP33112261, was issued by plaintiff Cotton States Mutual Insurance Company ("Cotton States") to Crisp for the house at 248 South Ninth Street. The policy period extended from August 23, 1998 through August 23, 1999.

Defendant Darrin Flannery ("Flannery") is Crisp's son. Flannery lived with Crisp at said residence during the policy period.

On January 2, 1999, Teddy Samuel Bear arrived at Crisp's residence to pick-up his daughter. A dispute ensued between Bear and Flannery. Bear was shot during the dispute and died.

Defendant Emmet Junior Bear ("Bear") is the administrator of the estate of Teddy

30

Samuel Bear. Acting as the administrator, Bear filed a wrongful death lawsuit against Flannery in the Circuit Court of Etowah County, Alabama on July 20, 2000. Bear alleged that Flannery "did wilfully, maliciously, intentionally, recklessly, wantonly, or negligently shoot Teddy Samuel Bear in the head, proximately causing the death of the said Teddy Samuel Bear." Service was obtained on Flannery on October 20, 2000. On December 1, 2000, Bear amended the complaint to add fictitious defendants. Bear subsequently amended the complaint naming Crisp as a defendant on January 2, 2001. Service was obtained on Crisp on February 6, 2001.

Counsel for Bear did not contact Flannery or Crisp prior to filing the wrongful death lawsuit. After the lawsuit was filed, but prior to being served, Flannery consulted an attorney. The attorney advised him that he was an insured under Crisp's homeowner's policy. On August 25, 2000, counsel for Flannery wrote Cotton States and informed it of the wrongful death lawsuit filed against Flannery. Counsel for Flannery requested that Cotton States advise him of whether Cotton States would pay for the defense in that lawsuit.

On October 3, 2000, Cotton States filed an action in this court for declaratory judgment.[1] Cotton States now moves for summary judgment on the basis that Crisp and Flannery breached the condition of notice in the policy.

## ARGUMENTS

Cotton States argues that it is entitled to summary judgment because there was an almost twenty month unexcused delay between the incident and its receipt of notice which is unreasonable as a matter of law. According to Cotton States its policy provides the following condition:

---

[1] Jurisdiction is founded upon 28 U.S.C. § 1332 based upon diversity of citizenship and amount in controversy.

> In case of an accident or "occurrence," the "insured" will perform the following duties that apply. You will help us by seeing that these duties are performed.
>
> (a) Give written notice to us or our agent, as soon as is practicable, which sets forth:
> > (1) The identity of the policy and the "insured";
> > (2) Reasonably available information on the time, place and circumstances of the accident or "occurrence"; and
> > (3) Names and addresses of any claimants and witnesses; . . . .

The policy further provides in the "Conditions" section that: "No action can be brought against us unless there has been compliance with the policy provisions."

Cotton States contends that a requirement in a policy that notice must be "as soon as practicable" means that the notice must be given within a reasonable time under the circumstances of the case. *See Pan Am. Fire & Cas. Co. v. DeKalb-Cherokee Counties Gas Dist.*, 266 So. 2d 763 (Ala. 1972). It asserts that two factors must be considered: the length of the delay and the reasonableness of the delay. *See S. Guar. Ins. Co. v. Thomas*, 334 So. 2d 879 (Ala. 1976). It states that unless the insured can give a legally acceptable reason for the delay, then the question of the length of the delay becomes a question of law for the court. *Id.* at 885. Cotton States cites the following cases in support of its argument that Flannery and Crisp's delay was unreasonable as a matter of law: *Thomas, supra* (holding that delay of six months was unreasonable where insured could not give a reasonable excuse for the delay); *Aetna Ins. Co. v. Spring Lake, Inc.*, 350 So. 2d 397 (Ala. 1977) (finding two year dely unreasonable); *Watson v. Ala. Farm Bureau*, 465 So. 2d 394 (Ala. 1985) (finding three year delay unreasonable); and *Reeves v. State Farm Fire & Cas. Co.*, 539 So. 2d 252 (Ala. 1989) (finding five year delay unreasonable).

Defendants Flannery, Bear, and Crisp oppose Cotton States' motion. Flannery primarily argues that the delay was reasonable because he had no knowledge of Crisp's homeowner's

3

policy and that he was an insured under the terms of the policy until after he consulted with his attorney to discuss the wrongful death lawsuit filed against him July 20, 2000. Flannery argues that his counsel gave written notice "as soon as practicable" by letter addressed to Cotton States dated August 25, 2000. According to Flannery, the determination as to whether or not notice was given as soon as practicable is one that is normally left to the determination of the jury. *See American Fire & Cas. Co. v. Tankersly*, 116 So. 2d 579 (Ala. 1959). Flannery relies primarily on *Hackleburg Church of Christ v. Great American Insurance Company*, 675 So. 2d 1309 (Ala. Civ. App. 1995) and *Dill v. Colonial Insurance Company*, 569 So. 2d 385 (Ala. 1990), to support his argument that the reasonableness of the delay is an issue for the jury to determine. In *Hackleburg*, church members noticed damage to their church that occurred during an ice storm seven years prior to their notice. The church members gave notice of a claim of loss with the insurance company six months after noticing the damage. The court in *Hackleburg* concluded that

> [t]he facts concerning the proximate cause of the damage and the church's inability to ascertain the extent of the damages sooner, were in dispute. Due to the disputed facts, we find that the entry of a summary judgment was made in error. The reasonableness of the delay in this case is an issue for the jury.

*Hackleburg*, 675 So. 2d at 1312. In *Dill*, a passenger in an automobile rented by Estes was injured in an automobile accident. Estes had an automobile liability policy that was in effect when the accident occurred. Estes did not notify his insurance company of the accident. The passenger learned of Estes' policy over a year and half after the accident. He notified Estes' insurance company two days later. The court in *Dill* concluded that "[i]f the insured's excuse for delay may reasonably be said to justify the length of the delay in giving notice, then the issue of the reasonableness of the delay is for a jury to determine." *Dill*, 569 So. 2d at 386. Based on

these authorities, Flannery concludes, a jury question is present concerning whether or not the delay was reasonable in this action.

Bear reasserts the legal arguments put forth by Flannery. Bear also cites the court to the Alabama Supreme Court's decision in *American Liberty Insurance Company v. Soules*, 258 So. 2d 872 (1972). According to Bear the issue in *Soules* was whether or not a delay in notice of a claim occurred where the insured was unaware that coverage was afforded to a family member until they were advised of the fact of coverage by an attorney after suit was threatened. The unnamed additional insured in *Soules* testified that he was unaware that his parents had a homeowner's policy. His parents indicated that they were unaware that coverage was afforded the tortfeasor (their son) under the policy until advised of such coverage by their attorney. The court in *Soules* made the following observation: "Generally the question of whether notice was given without unnecessary and unreasonable delay is one of fact for the jury, although under proper circumstances it may become a question of law." Bear also notes that the Alabama Supreme Court has instructed that the factors to be considered are the length of delay and the reasons therefore. *See USF&G v. Bonetz*, 424 So. 2d 569 (Ala. 1982). Bear states that the court observed in *Bonetz* that the resolution of the question, that is, the length of delay and the reasons therefore, present a question of fact and if the ". . . insured offers evidence of mitigating circumstances, then conflicting inferences may be drawn as to the reasonableness of the delay, and the question becomes one for the trier of fact." *Id.* at 572-73. Since Flannery notified Cotton States within a month of being notified of the potential claim, Bear concludes, Cotton States was notified as soon as practicable and is not entitled to summary judgment.

Crisp also argues that summary judgment is not appropriate. Crisp contends that in cases involving notice to insurance carriers "as soon as practicable" in Alabama, it is well-established

5

that "... where conflicting inferences may reasonably be drawn from the evidence, the question of the reasonableness of a delay in giving notice is a question ... for the [trier of fact]." *Provident Life & Acc. Ins. Co. v. Heidelberg*, 154 So. 809 (Ala. 1934). Crisp agrees with Bear that *Soules* is directly on point and dictates a finding that the delay in notifying Cotton States was reasonable. Crisp argues, in light of *Soules*, that any delay in reporting on her part was reasonable because she was unaware of any coverage provided her son, and she had no involvement in the shooting incident itself. Crisp also contends that the Alabama Supreme Court's opinion in *Pan American Fire & Casualty Co. v. DeKalb-Cherokee Counties Gas District*, 266 So. 2d 763 (1972), is persuasive on this point. According to Crisp, the court in *Pan American* held that a delay of eleven months was reasonable because the gas district had no indication of its liability until suit was filed, and it notified its carrier within a reasonable time after service.

   Finally, Crisp distinguishes the authorities relied upon by Cotton States to demonstrate that a twenty month delay is unreasonable as a matter of law. She states that *Thomas* is distinguishable because Thomas received notice from the plaintiff's attorney two weeks after the incident of the plaintiff's intent to file suit. *Spring Lake* is distinguishable because an officer of the corporation and its legal counsel were served with the lawsuit twenty months before coverage was sought. *Watson* is also distinguishable because Watson was both the named insured and the person in control of the gun at the time of the incident. Finally, Crisp claims that *Reeves* is distinguishable because the homeowners did not notify their insurance carrier for three and a half years after the suit for wrongful death was filed. Since these cases are distinguishable from the case at bar, Crisp concludes, any delay in notifying Cotton States was reasonable and summary judgment should be denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted based upon facts developed during the pleadings, discovery, and supplemental affidavits, etc., if together, they show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of explaining the basis of his motion. *Id.* The non-moving party then bears the burden of showing that there are specific facts demonstrating that there is a genuine issue of fact for trial. *Id.* at 324. "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Korman v. HBC Florida, Inc.*, 182 F.3d 1291, 1293 (11th Cir. 1999). The trial court must resolve all reasonable doubts in favor of the non-moving party, but need not resolve all doubts in a similar fashion. *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

## CONCLUSIONS OF THE COURT

Based on the holding in *Soules*, the court concludes that plaintiff's motion for summary judgment is due to be denied.[2]

This 20th day of May 2002.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The motion is due to be denied as to Crisp because there may have been no reason for her to think that a claim could be made against her.